

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-15-00052-CR
No. 07-15-00053-CR
_____

STACIE ANN KENEMORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 66,764-E & 66,765-E; Honorable Douglas R. Woodburn, Presiding

August 7, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In 2013, in exchange for a plea of guilty, Appellant, Stacie Ann Kenemore, was convicted of theft over $1,500 and under $20,000, a state jail felony,[1] in cause numbers 66,764-E and 66,765-E. She was sentenced to two years confinement, suspended in favor of community supervision for five years. In cause number 66,764-E, she was

_____

[1] TEX. PENAL CODE ANN. § 31.03(e)(4) (West Supp. 2014).

assessed a $1,000 fine and ordered to pay $4,000 in restitution. In March 2014, the State moved to revoke Appellant's community supervision for violations of the terms and conditions thereof. At a hearing on the State's motion, Appellant pleaded true to some but not all of the State's allegations. The State presented evidence of Appellant's violations and the trial court revoked her community supervision and assessed punishment at two years confinement in a state jail facility, with the sentences to run concurrently. The court also reassessed the $1,000 fine and $4,000 in restitution in cause number 66,764-E. In presenting this appeal,[2] counsel has filed an *Anders*[3] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of her right to review the record and file a *pro se* response if she desired to do so,[4] and (3) informing her of her right to file a *pro se* petition for

---

[2] The Texas Court of Criminal Appeals granted Appellant an out-of-time appeal in each case. *Ex parte Kenemore*, Nos. WR-82,627-01 & WR-82,627-02, 2015 Tex. Crim. App. Unpub. LEXIS 67 (Tex. Crim. App. Jan. 28, 2015).

[3] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[4] *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) (regarding Appellant's right of access to the record for the purpose of filing a *pro se* response).

2

discretionary review. *In re Schulman*, 252 S.W.3d at 408.[5] By letter, this court granted Appellant an opportunity to exercise her right to file a response to counsel's brief. Appellant did not file a response. Neither did the State favor us with a brief.

By the *Anders* brief, counsel evaluates the underlying proceedings and candidly concedes that reversible error is not presented. We agree with counsel.

### *STANDARD OF REVIEW*

When reviewing an order revoking community supervision, the sole question before this court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). When more than one violation of the conditions of community supervision is alleged, a single violation is adequate and the revocation order shall be affirmed if at least one sufficient ground supports the court's order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Jones v. State*, 571 S.W.2d 191, 193 (Tex. Crim. App. 1978). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona*, 665 S.W.2d at 494. In

---

[5] Notwithstanding that Appellant was informed of her right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of this court's decision is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

### ANALYSIS

Appellant's community supervision officer testified that after Appellant was processed for her period of community supervision in August 2013, she never reported to the Community Supervision Department as required. Her community supervision officer had difficulty locating her at the address provided and, except for voicemails, was unable to contact her by telephone. Appellant failed to report an arrest for criminal trespass and failed to comply with financial obligations required by the terms of her community supervision.

Appellant testified she failed to report the first month because she was sick but had left a message with her community supervision officer. Her excuse for not reporting thereafter was that she was having domestic problems and was trying to find a new home and employment. Although she admitted receiving some mail at her apartment, she denied receiving a letter from the Department regarding her failure to report. She asked the trial court to reinstate her community supervision. Based on her pleas of true to some of the State's allegations and the evidence presented, the trial court did not abuse its discretion in revoking Appellant's community supervision.

4

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.